IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Clinton Bush, | ) C/A No. 0:10-2178-RBH-PJG |
|---|---|
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| John R. Owens, Warden, | ) |
| Respondent. | ) |

The petitioner, Clinton Bush ("Petitioner"), proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Petitioner is a federal inmate currently incarcerated at FCI Williamsburg in Salters, South Carolina. Petitioner seeks to have his federal sentence of 180 months vacated so that a lesser sentence of 120 months may be imposed. Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

*PJG*

This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993),

or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**BACKGROUND**

Petitioner alleges that he is "'actually innocent of the sentence enhancement.'"[1] (Pet. 2, ECF No. 1) He alleges that he pled guilty to the crime of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in the Eastern District of Pennsylvania and that he received a sentence of 180 months' imprisonment on March 18, 1999. Petitioner alleges that the maximum he could have legally received was a 120-month sentence (or 10 years) and that he has currently been incarcerated for more than 12 years. Petitioner alleges that the sentencing court did not find three prior violent felony convictions committed by Petitioner which the sentencing court was required to do to enhance his sentence under 18 U.S.C. § 924(e). Thus, Petitioner argues that he is actually innocent of the 180-month sentence.

Petitioner appears to argue that the § 2255 savings clause permits him to file this § 2241 petition in this court. Petitioner explains that he filed a motion pursuant to 28 U.S.C. § 2255 in the United States Court for the Eastern District of Pennsylvania in 2000, but his motion was denied. (See United States v. Bush, C/A No. 2:98-370-WY-1 (E.D. Pa. Oct. 12, 2001), ECF No. 54.) Petitioner further explains several other avenues of relief that he has unsuccessfully pursued. On July 20, 2005, the United States District Court for the Middle District of Pennsylvania summarily dismissed Petitioner's § 2241 petition without

---

[1] Interestingly, on August 23, 2010, Petitioner filed what appears to be an identical 15-page habeas petition pursuant to § 2241 in the Eastern District of Pennsylvania. (Pet. 1, Bush v. Owens, C/A No. 2:10-4330-WY (E.D. Pa. Aug. 23, 2010), ECF No.1.)



prejudice. (See Bush v. Holt, C/A No. 1:05-1209-RPC-JVW (M.D. Pa. July 20, 2005), ECF No. 4.) That court explained:

> Pursuant to a written plea agreement, the Petitioner entered a guilty plea to the firearm charge on October 27, 1998. Bush was sentenced to a one hundred and eighty (180) month term of incarceration by the Eastern District of Pennsylvania on March 18, 1999. Petitioner admits that he knowingly and voluntarily waived his right to appeal. . . . His petition further acknowledges that he collaterally challenged the legality of his conviction via a petition filed pursuant to 28 U.S.C. § 2255. Bush's § 2255 request for relief was denied by the sentencing court. The dismissal was upheld by the United States Court of Appeals for the Third Circuit. Thereafter, the United States Supreme Court denied his petition for writ of certiorari. In his present action, Bush asserts that his federal sentence was enhanced pursuant to the provisions of the Armed Career Criminal Act (ACCA). He claims that the sentencing court should have rejected the Government's request for an ACCA based enhancement on the grounds that there had been no demonstration that his five (5) prior Pennsylvania state burglary convictions were predicate offenses under the ACCA. . . . Petitioner further maintains that § 2255 is an inadequate or ineffective means by which to challenge the legality of his sentence. . . . Bush does not assert that his present action is based on either any newly discovered evidence or a new rule of law made retroactive to cases on collateral review. . . . In this case, Bush has failed to present any facts suggesting that he was not involved in the alleged underlying criminal activity. Rather, his claim is based on a sentencing related issue, that his sentence was improperly enhanced under the ACCA. It is clear that the claim before this Court has nothing to do with the actual question of Petitioner's guilt.

Id. Later, on an appeal from a decision in the criminal case, the United States Court of Appeals for the Third Circuit explained:

> In December 1998, Clinton Bush pleaded guilty to one count of possession of a firearm by a former convicted felon. The District Court sentenced him to 180 months in prison. Bush did not appeal. He did seek relief through 28 U.S.C. § 2255 and Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, but his efforts were unavailing. In March 2007, Bush filed a "motion for court to correct judgment and commitment order." Pursuant to Rule 36 of the Federal Rules of Criminal Procedure, Bush requested that the District Court correct the judgment order to reflect the reason why he received 180 months' imprisonment instead of 120 months' imprisonment. In his motion, Bush admits that he was sentenced to a term of 180 months. The District Court denied Bush's motion, noting that Bush was subject to a



term of imprisonment not less than 180 months under 18 U.S.C. § 924(e)(1). Bush appeals.

United States v. Bush, 257 F. App'x 480 (3rd Cir. 2007) (affirming the district court's denial of the motion to correct judgment and commitment order). Once again, on February 8, 2008, Petitioner filed a § 2241 habeas petition asserting that the 180-month sentence was illegal because the maximum sentence could have been 120 months in the United States District Court for the Middle District of Pennsylvania. (Bush v. Elbert, C/A No. 3:08-217-RPC-JVW (M.D. Pa. Feb. 4, 2008), ECF No. 1.) That court summarily dismissed the petition without prejudice because the § 2255 savings clause did not permit Petitioner to bring the § 2241 petition. (Id., ECF No. 4.) On November 14, 2008, the Third Circuit Court of Appeals affirmed the decision of the district court. (Id., ECF No. 13.)

## DISCUSSION

Petitioner has unsuccessfully tried to obtain a sentence reduction from 180 months to 120 months by filing various legal actions in the United States Courts in Pennsylvania. From a review of those prior proceedings, it appears that Petitioner has filed this § 2241 petition raising almost identical grounds for relief which have been denied in the other courts. Petitioner simply hopes for a better outcome in this court.

"As a threshold matter, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." Rice v. Rivera, C/A Nos. 08-8191, 09-6001, 2010 WL 3474802, at *3 (4th Cir. Sept. 7, 2010) (citing In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). "However, § 2241 may be utilized by a federal prisoner to challenge the legality of his or her conviction or sentence if he or she can satisfy the mandates of the so-called § 2255

'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). In other words, Petitioner's § 2241 action before this court is barred unless he can demonstrate that the relief available to him under § 2255 is inadequate or ineffective. Petitioner has failed to make such a showing. The fact that Petitioner did not prevail in his prior § 2255 action does not mean that the potential relief of § 2255 was inadequate or ineffective; it simply means that he was not entitled to it.

To trigger the "savings clause" of § 2255(e) and now proceed under § 2241, Petitioner would have to show that something more should be considered by the court than that authorized by § 2255, such as a change in the law as contemplated in In re Jones, 226 F.3d 328 (4th Cir. 2000). In Jones, the Court held that a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law." Jones, 226 F.3d at 333-34. Petitioner's claim that his sentence was improperly enhanced due to the sentencing court's failure to find three prior violent felony convictions is insufficient to meet the high threshold announced in Jones. See United States v. Poole, 531 F.3d 263,

267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); cf. United States v. Williams, C/A No. 09-7617 (D.S.C. Sept. 24, 2010) (finding that a petitioner in a § 2255 case was actually innocent of being an armed career criminal). Petitioner does not allege that the pertinent substantive law changed, and he provides no allegations of new evidence, unavailable at the time of conviction, which undermines the validity of his criminal conviction of felon in possession of a firearm. Thus, because Petitioner did not properly invoke the savings clause embodied in § 2255, he is barred from proceeding with this habeas corpus action under § 2241.

## RECOMMENDATION

Accordingly, the court recommends that the Petition in the above-captioned case be dismissed without prejudice and without issuance and service of process. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); and RULES-SECTION 2254 CASES 4, 1(b) ([i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

October 6, 2010
Columbia, South Carolina

*The petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).